g. <u>Cumulative Rights and Remedies</u>. Rights and remedies stated in this Agreement are cumulative and not exclusive of any other right or remedy.

h. <u>Addenda/Amendments</u>. Any addenda or amendments to this Agreement will not be effective unless signed by one of our duly-authorized representatives and by you. All duly-executed addenda and/or amendments are incorporated into and will become a part of this Agreement.

i. <u>Survival</u>. Those of your obligations and our obligations under this Agreement which expressly or by their nature survive the expiration or earlier termination of this Agreement will survive such expiration or termination, including <u>Sections 7, 10(d), 11, 13, 16, 17, 18, 19, 20, 21 and 22</u>.

21. <u>Arbitration</u>. Except for our claims against you for indemnification or actions seeking to enjoin you from using any of the our Intellectual Property (including the Brand Mark) or the Choice-Related Words in violation of this Agreement, any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, as well as any claim that we violated any laws in connection with the execution or enforcement of this Agreement and any claim for declaratory relief, will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of the American Arbitration Association, including its rules for emergency measures of protection, except to the extent that the Commercial Rules of the American Arbitration Association may be interpreted to require you or us to produce documents, witnesses, or information at a time other than at a hearing on the claim without our mutual consent. In the event more than one demand for arbitration is filed in connection with this Agreement, the demand filed with the American Arbitration Association, J.A.M.S., or National Arbitration Forum office having jurisdiction over Maryland proceedings shall take precedence, and any other demand shall be withdrawn and presented in the Maryland filing. The arbitrator will apply the substantive laws of Maryland, without reference to its conflict of laws provision, except that nothing herein shall be construed to establish independently your right to pursue claims under Maryland's Franchise Registration and Disclosure Law. Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland. Nothing in this <u>Section 21</u> will be construed as requiring you or us to make a claim in arbitration before exercising any rights you or we may have to give notice of default or termination in accordance with the terms of this Agreement.

22. **<u>INTEGRATION</u>. <u>THIS AGREEMENT CONTAINS THE COMPLETE UNDERSTANDING OF THE PARTIES AND REPLACES ANY PREVIOUS WRITTEN OR ORAL AGREEMENT ON THE SAME SUBJECT MATTER. NO REPRESENTATION, INDUCEMENT, PROMISE OR AGREEMENT, ORAL OR OTHERWISE, NOT CONTAINED IN THIS AGREEMENT OR IN OUR FRANCHISE DISCLOSURE DOCUMENT, WILL BE OF ANY FORCE OR EFFECT.</u>**


EXHIBIT 2

We and you (and your principals, if a limited liability company, partnership or corporation) agree to be bound by the terms and conditions of this Agreement by setting the hands and seals of our duly authorized and empowered representatives on this Agreement, effective on the first date written above.

Witness:

X _____
Name: Nick Lewis
Title: Senior Counsel

Choice Hotels International, Inc.,
a Delaware corporation

By: _____ L.S.
Name: Ron Parisotto
Title: Senior Vice-President

HARIKRISHNA, INC., a Nebraska Corporation, Indu Patel, Individually, Krishan Patel, Individually, and Mahendra Patel, Individually, jointly and severally

HARIKRISHNA, INC, a Nebraska Corporation

Witness:

X Lucinda Espinoza
Print Name of Witness:

X By: _____ L.S.
Name: Mahendra Patel
Title: President

Date: X 12-17-2010

Indu Patel, Individually

Witness:

X _____
Print Name of Witness:

X _____ L.S.

Date: X _____

Krishan Patel, Individually

Witness:

X _____
Print Name of Witness:

X _____ L.S.

Date: X _____

We and you (and your principals, if a limited liability company, partnership or corporation) agree to be bound by the terms and conditions of this Agreement by setting the hands and seals of our duly authorized and empowered representatives on this Agreement, effective on the first date written above.

Witness:

**Choice Hotels International, Inc.,**
a Delaware corporation

_____
Name: Nick Lewis
Title: Senior Counsel

By:_____ L.S.
Name: Ron Parisotto
Title: Senior Vice-President

HARIKRISHNA, INC., a Nebraska Corporation, ~~Indu Patel, Individually, Krishan Patel, Individually~~, and Mahendra Patel, Individually, jointly and severally

**Witness:**

HARIKRISHNA, INC, a Nebraska Corporation

X Lucinda Espinoza
Print Name of Witness:

XBy: _____ L.S.
Name: Mahendra Patel
Title:   President

Date X  12-17-2010

**Witness:**

~~Indu Patel, Individually~~

X_____
Print Name of Witness:

X_____ L.S.

Date: X_____

**Witness:**

~~Krishan Patel, Individually~~

X_____
Print Name of Witness:

X_____ L.S.

Date: X_____

20

NE088

Witness:                                    Mahendra Patel, Individually

X Annette L. Moeller                        X _____ L.S.
Print Name of Witness:

                                            Date: X  12 / 19 / 10

Witness:

X _____                   X _____ L.S.
Print Name of Witness:

                                            Date: X _____

Witness:

X _____                   X _____ L.S.
Print Name of Witness:

                                            Date: X _____

**PLEASE COMPLETE ATTACHED SCHEDULE A**

NE088                                  21