IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-03528 |
| **HARIKRISHNA, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Choice Hotels International, Inc. ("Plaintiff" or "Choice") has filed a Motion for Default Judgment, with a supporting affidavit, as to Defendant Harikrishna, Inc. ("Defendant" or "Harikrishna, Inc."). ECF No. 7. A hearing is not necessary in this case. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, Plaintiff's Motion for Default Judgment will be granted.

### I.    BACKGROUND

Choice is a "publicly-traded company incorporated under the laws of the State of Delaware, with principal headquarters in Rockville, Maryland." ECF No. 11 ¶ 1.[1] Choice is "primarily in the business of franchising hotels domestically and internationally . . . including but not limited to the trade and brand marks, names and systems associated with Quality Inn®." *Id.* Defendant is "based upon information, knowledge and belief, a limited liability company organized under the laws of the State of Nebraska, with principal place of business located in

---

[1] All facts herein are taken from Plaintiff's Application to Confirm Arbitration Award, ECF No. 1, and Plaintiff's Supplemental Motion for Judgment by Default, ECF No. 11.

Nebraska." *Id.* ¶ 2. On or about December 28, 2010, Choice entered into a Franchise Agreement with Defendant, under which Choice granted Defendant a limited and revocable license to operate a Quality Inn hotel in Omaha, Nebraska. *Id.* ¶ 4. The parties' Franchise Agreement contained an arbitration clause, stating in relevant part that "any controversy or claim arising out of or relating to this Agreement . . . will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum . . ." *See* ECF No. 1-5. In Plaintiff's Supplemental Motion for Default Judgment, Plaintiff states:

> During the term of the Franchise Agreement, Defendants transferred the Hotel to a new owner without Choice's prior consent in violation of Section 9(d) of the Franchise Agreement. Such action constituted material default of the terms of the Franchise Agreement, and, accordingly, on or about May 1, 2012, Choice terminated the Franchise Agreement in accordance with Section 10 of the Franchise Agreement.

*Id.* ¶ 5.

On or about January 29, 2015, Choice initiated arbitration proceedings against Defendant with the American Arbitration Association, Case No.: 01-15-0002-5413, "seeking resolution of its dispute with Defendants." *Id.* ¶ 7. "Specifically, Choice claimed that Defendant materially breached the parties' Franchise Agreement and owed Choice damages and costs incurred as a result of Defendant's breach." *Id.*

Arbitration proceedings were scheduled for August 13, 2015. *See* ECF No. 7-1 ¶ 3; ECF No. 1-4. Plaintiff sent notice of the proceedings to Defendants at their last known address "by regular mail, certified mail and/or overnight FedEx delivery." ECF No. 11 ¶ 9. "Defendants failed to appear or participate during any proceeding." *Id.* The Arbitrator determined that "Defendant had received due and proper notice of all proceedings in accordance with AAA's Commercial Rules, the Franchise Agreement, and Maryland law" and entered an award in

Choice's favor against Defendant in the amount of $171,360.00. ECF No. 11 ¶ 11; ECF No. 1-4. The Arbitrator also ordered Defendants to reimburse Choice in the sum total of $7,778.20 for "administrative fees and expenses" and "compensation and expenses of the arbitrator." ECF No. 1-4.

Choice Hotels filed an "Application to Confirm Arbitration Award" in this Court on November 20, 2015. ECF No. 1. The "Ex Parte Award of Arbitrator," signed by John Connolly of the American Arbitration Association on August 13, 2015, is attached to the Application. ECF No. 1-4. Choice Hotels named Harikrishna, Inc. and Mahendra Patel as defendants. ECF No. 1. The court issued summons to Defendants on November 24, 2015, and the summons were returned as executed on December 14, 2015. ECF No. 3; ECF No. 4. Plaintiff stipulated to the dismissal of Defendant Patel, and Patel was terminated as a party on December 14, 2015. *See* ECF No. 5. The Clerk made an entry of default for want of answer against Harikrishna, Inc. on March 30, 2016. ECF No. 9. Choice Hotels now requests that the Court issue judgment by default against Harikrishna, Inc. ECF No. 7.

## II. DISCUSSION

### A. Motion for Default

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Corp.*, DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011) (citing *Dow v. Jones*, 232 F.Supp. 2d 491, 494 (D. Md. 2002)). When a motion for default judgment is based on an arbitration award, the plaintiff "must show that it is entitled to confirmation of the award as a matter of law." *Id.* (citations and internal quotation marks omitted).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award under 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D. Md. 1992) (citations omitted). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well,

correctly, or reasonably, but simply whether he did it." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (citations and internal quotation marks omitted).

Here, Choice Hotels' claims were properly before the American Arbitration Association under the arbitration clause of the parties' Franchise Agreement. *See* ECF No. 1-5. "Despite duly and properly notifying Defendant of all proceedings relating to the arbitration proceedings . . . Defendants failed to appear or participate during any proceeding." ECF No. 11 ¶ 9. As Choice notes in its Supplemental Motion for Default Judgment:

> [I]n accordance with the parties' Arbitration Agreement, AAA Commercial Rule 31, which states in relevant part that "the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present . . .", the Arbitrator conducted an in-person final evidentiary hearing, at Choice's headquarters, wherein Choice presented documentary evidence and witness testimony in support of its demand.

*Id.* ¶ 10.

"After considering the evidence presented and AAA's record, the arbitrator determined and ruled that Defendant had received due and proper notice of all proceedings in accordance with AAA's Commercial Rules, the Franchise Agreement, and Maryland law . . ." ECF No. 11 ¶ 11 ; *see* ECF No. 1-4. The Arbitrator determined that Defendant had breached the parties' Franchise Agreement. ECF No. 11 ¶ 11. Therefore, Arbitrator "rendered his award . . . in the State of Maryland, in accordance with the Commercial Rules of the AAA, the parties' Franchise Agreement and laws of the State of Maryland on August 13, 2015." *Id.*

The Court finds no reason in the record to question the validity of the Franchise Agreement or the conduct of the Arbitrator. *See Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015). Further, the parties agreed that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may

be entered against the party, notwithstanding its failure to appear." *See* ECF No. 1-5. The parties also agreed that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *See id.*

### III. CONCLUSION

For the reasons explained above, Plaintiff's Request for Judgment by Default, ECF No. 7, will be granted. Judgment by default is entered in favor of Plaintiff Choice Hotels and against Defendant Harikrishna, Inc. in the amount of $179,538.20, representing the Arbitrator's award of $171,360.00, administrative fees and expenses totaling $4650.00, compensation and expenses of the Arbitrator totaling $3,128.20, and costs of the action totaling $400.00. ECF No. 1-4; ECF No. 1.[2] A separate Order shall issue.

Dated: September 19, 2016

George J. Hazel
United States District Judge

---

[2] In contrast to this Court's decision in *Choice Hotels Int'l, Inc. v. Bhupinder Mander*, No. GJH-14-3159, 2015 WL 1880277, at *4 (D. Md. Apr. 22, 2015), Choice Hotels requested "costs of the action" in their original Application to Confirm Arbitration Award, ECF No. 1 at 2. Therefore, the default judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).